United States District Court
Southern District of Texas
**ENTERED**
March 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SANTIAGO MASON GOMEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:23-CV-00013 |
| | § |
| JUAN J NUNEZ, *et al.*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Santiago Mason Gomez, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

For the reasons stated above and for purposes of § 1915A and §1915(e)(2), the undersigned respectfully recommends that Plaintiff's claims against Assistant Warden Juan J. Nunez, Sergeant J.D. Mireles, Major Rosalinda Trevino, and R. Samaniego be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further recommends that that the Court **DISMISS without prejudice** Plaintiff's claims against Defendant UTMB.

The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g)[1] and that the Court enter final judgment.

## I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND

Plaintiff originally filed this action in the Tyler Division of the United States District Court, Eastern District of Texas. *See Santiago Gomez v. LaMorris Marshall et al.* No. 6:22-cv-00457 (E.D. Tex. filed Dec. 5, 2022). In that case, Plaintiff raised claims of failure to protect and asserted defendants faked his death on multiple occasions. U.S. Magistrate Judge K. Nicole Mitchell described his original complaint as implausible and a "rambling tale of speculation and conclusion that is largely devoid of specific facts, dates, or locations." *Gomez*, No. 6:22-cv-00457 (E.D. Tex. Dec. 12, 2022) (Order). Plaintiff was warned his pleading was deficient and was ordered to file an amended complaint. *Id.* Plaintiff complied with Judge Mitchell's order. After reviewing Plaintiff's amended complaint, Judge Mitchell determined Plaintiff was attempting to raise unrelated claims arising from three different TDCJ facilities. *Gomez*, No. 6:22-cv-00457 (E.D. Tex. Jan. 9, 2023) (Order). Judge Mitchell ordered the claims unconnected to the Eastern District of

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

2 / 13

Texas be severed and transferred to United States District Courts with proper venue.[2] *Id.* The instant case is one of the cases severed and transferred from the Tyler Division.

This Court received Plaintiff's severed claims on January 9, 2023. (D.E. 14). After complying with notices of deficiency, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 21). The undersigned reviewed Plaintiff's complaint and determined his complaint failed to state a claim because Plaintiff again failed to allege sufficient facts to support his conclusory allegations. (D.E. 22). Despite Plaintiff having previously been granted leave to amend by Judge Mitchell, the undersigned again warned Plaintiff of his pleading's deficiencies and gave him another opportunity to plead his best case. (D.E. 22). Plaintiff was warned his complaint was subject to dismissal and that he may not be given another opportunity to amend. (D.E. 22). Plaintiff was instructed to only raise claims arising out of his incarceration at the McConnell Unit in Beeville, Texas. (D.E. 22). The Court received Plaintiff's Second Amended Complaint on February 21, 2023. (D.E. 26).

In his Second Amended Complaint, Plaintiff sues the following defendants: (1) Assistant Warden Juan J. Nunez; (2) Sergeant J.D. Mireles; and (3) Major Rosalinda Trevino; (4) R. Samaniego, and (5) U.T.M.B. Medical Branch. (D.E. 26).[3]

---

[2] Judge Mitchell has since entered a screening Report and Recommendation to dismiss as frivolous Plaintiff's claims of which remained in the Tyler Division.

[3] Neither Defendant Samaniego nor UTMB are listed on the Court's electronic docket, but they are listed on Plaintiff's Second Amended Complaint. (D.E. 26, Page 2).

### III. PLAINTIFF'S CLAIMS

Despite being given two opportunities to amend, Plaintiff's allegations continue to be rambling, incoherent, conclusory and devoid of any sufficient facts to raise a claim. (D.E. 26). In Section V of Plaintiff's Second Amended Complaint, Plaintiff alleges:

> Defendant 1# ass.t warden Juan J. nunez, abuse His Administra--tive Authority By sending a O.P.I. out into General Population There Puting The Plaintiff In Danger, and In Harms Risk. Defendant. 2# s.t.G. G.I. Sgt. J.D. mireles, Hes The s.t.G. G.I. He new I was s.t.G. Gead and Plaintiff was not To Be Protected Because of my O.P.I. status, and mcconnell unit is not a Gead unit, He also comspired To Have Inmate Killed, He should of stop This Right away, never Talk To me, Hes The one who Place me 12-Building 68- cell.

The undersigned construes Plaintiff's allegations to be that Defendant Nunez released some unspecified information about Plaintiff that became known to other inmates at the McConnell Unit. This information allegedly placed Plaintiff in danger from being assaulted by other inmates. Plaintiff appears to further allege that Defendant Mireles decided not to protect Plaintiff and ordered another inmate to kill Plaintiff. Plaintiff's only allegations against the other defendants are set forth in Section IV of his Second Amend Complaint. (D.E. 26, Page 3). Regarding Defendant Trevino, Plaintiff alleges this defendant abused her rank and authority "by trying to force a O.P.I. out in the population" and asking "why didn't they just put a bullet in his head. . ." (D.E. 26, Page 3). The undersigned construes these allegations to be that Defendant Trevino was aware of the risk of Plaintiff being assaulted but failed to take appropriate steps to protect Plaintiff.

Regarding Defendant Samaniego, Plaintiff only alleges "life endangerment and abused her administrative authority." (D.E. 26, Page 3). With regard to Defendant UTMB Medical Branch, Plaintiff alleges "deprive Plaintiff of life, confirm my death life endangerment mill (sic) practice, cruel and unusual punishment." (D.E. 26, Page 3).

Plaintiff does not allege the specifics or even the nature of the sensitive information about him that was allegedly disclosed. He does not allege how it was disclosed, to whom it was disclosed, how he knows it was disclosed, or why he believes it was disclosed. Plaintiff does not allege when or how long he was at the McConnell Unit, although based on Plaintiff's correspondence, the Court knows Plaintiff is no longer housed at the McConnell Unit. (D.E. 1-5 and D.E. 26-3). Significantly, Plaintiff does not allege he was actually assaulted by another inmate. If he was assaulted, Plaintiff has not alleged when or where the assault occurred or the circumstances of the assault. Finally, if Plaintiff was assaulted, he has not alleged he sustained any injuries.[4]

## IV. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state

---

[4] In the undersigned's Order to Amend, Plaintiff was instructed to describe his injuries. (D.E. 22, Page 3).

a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint,

taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

## V. DISCUSSION

### A. Plaintiff's 42 U.S.C. § 1983 Failure to Protect Claims

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. *Id.*

For prison officials to be held liable under the Eighth Amendment for failure to protect, a prisoner must prove the official knew of and disregarded an excessive risk to the inmate's safety; was aware of facts from which the inference could be drawn that a

substantial risk of serious harm existed and also drew the inference; and failed to take reasonable remedial action. *Id.* at 842-45; *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835. Only deliberate indifference will suffice to state a failure to protect claim; mere negligence is not sufficient. *Id.* at 837. Additionally, the Eighth Amendment protects against both present and future dangers to inmates. Prison authorities must protect not only against current threats but also must guard against "sufficiently imminent dangers" likely to cause harm in the "next week or month or year." *Alexander v. Beach*, No. 2:17-CV-125-Z, 2020 WL 2813527, at *3 (N.D. Tex. May 29, 2020) (quoting *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995)).

In the present case, Plaintiff has vaguely alleged he is in danger, but his claim is conclusory without any supporting facts. Assuming Plaintiff has been assaulted, he has not described the circumstances of the incident. He has not described a single fact relating to being assaulted. In the undersigned's January 31, 2023 order (D.E. 22), Plaintiff was admonished:

> Plaintiff is **CAUTIONED** that his complaint and claims alleged therein are deficient and are subject to being dismissed. Plaintiff has not stated sufficient facts to state a claim. Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that a defendant is liable.

(D.E. 22, Page 2, emphasis original). Plaintiff was further admonished:

> Plaintiff's current complaint does not allege any facts that would give rise to an inference that Warden Nunez is liable. The undersigned finds Plaintiff should be given one final opportunity to amend his complaint and plead his best case.

Additionally, plaintiff was instructed:

> ***Plaintiff must describe the facts and allegations in more detail specifically as they related to Assistant Warden Juan J. Nunez.*** Plaintiff shall state his claims clearly, describe what Warden Nunez did to violate Plaintiff's rights, explain his injuries, and describe the specific relief he is seeking in this civil action.

(D.E. 22, Page 3, emphasis original).

To the extent Plaintiff may be raising a claim for injunctive relief to protect him against a future assault, those claims are moot in connection with the defendants in the present case. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (Inmate's transfer from detention center to correctional institute rendered moot his § 1983 claims for declaratory and injunctive relief). Plaintiff has been transferred and is currently housed in the Michael Unit in Tennessee Colony, Texas. Tennessee Colony is in Anderson County which lies within the Tyler Division of the Eastern District of Texas. Any claims seeking injunctive relief against possible future assault should be brought in the jurisdiction where Plaintiff is incarcerated.

Because Plaintiff has failed to allege any facts indicating he was actually in danger, he has also failed to alleged any facts that would give rise to a reasonable inference that any of the defendants should have known Plaintiff was in danger. Therefore, the undersigned recommends Plaintiff's claims against (1) Assistant Warden Juan J. Nunez;

(2) Sergeant J.D. Mireles; and (3) Major Rosalinda Trevino; and (4) R. Samaniego be **DISMISSED with prejudice**.

### B.      Plaintiff's Claims Against UTMB

With regard to Defendant UTMB Medical Branch, Plaintiff has likewise failed to allege any facts giving rise to a plausible claim.  Plaintiff is trying to raise claims against the University of Texas Branch at Galveston – Texas Department of Criminal Justice Hospital (UTMB-TDCJ).  Magistrate Judge Mitchell previously ordered Plaintiff's claims against medical providers at UTMB-TDCJ to be severed and transferred to the Galveston Division.  *Gomez*, No. 6:22-cv-00457 (E.D. Tex. Jan. 9, 2023) (Order).  Further, when the undersigned ordered Plaintiff to file an amended complaint, Plaintiff was instructed to limit his claims to those arising out of the McConnell Unit.  (D.E. 22, Page 3). Plaintiff's claims against UTMB-TDCJ are more appropriately brought in the Galveston Division as determined by Judge Mitchell  The undersigned does not recommend again transferring these claims because that would not result in the efficient use of the resources of the Court.  However, the undersigned recommends these claims not be dismissed with prejudice because a dismissal with prejudice may create confusion with Plaintiff's case currently pending in the Galveston Division.  Therefore, the undersigned recommends the Court **DISMISS without prejudice** Plaintiff's claims against Defendant UTMB.

### C.      Claims Not Specifically Addressed in this Memorandum

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally.  *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing

10 / 13

*United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)).  *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

    The undersigned has liberally construed Plaintiff's pleadings to give his claims fair and meaningful consideration.  The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to pro se litigants while at the same time requiring compliance with applicable pleading and screening standards.  To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified or analyzed by the Court.

    As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556.  Further, the factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.  Therefore, Plaintiff is advised that any claim not

addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

## VI.    RECOMMENDATION

For the reasons stated above and for purposes of § 1915A and §1915(e)(2), the undersigned respectfully recommends that Plaintiff's claims against Assistant Warden Juan J. Nunez, Sergeant J.D. Mireles, Major Rosalinda Trevino, and R. Samaniego be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).  The undersigned further recommends the Court **DISMISS without prejudice** Plaintiff's claims against Defendant UTMB.

The undersigned respectfully recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.  Finally, the undersigned recommends the Court enter **Final Judgment** and dismiss this action.

Respectfully submitted on March 3, 2023.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).