United States District Court
Southern District of Texas
**ENTERED**
June 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANTIAGO MASON GOMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00013 |
| | § | |
| JUAN J NUNEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Plaintiff Santiago Mason Gomez, appearing pro se and *in forma pauperis*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, complaining of actions arising out of his confinement in the Texas Department of Criminal Justice (TDCJ) McConnell Unit in Beeville, Texas.[1] Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. On March 3, 2023, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 28), recommending that the Court dismiss all of Plaintiff's claims and that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). Plaintiff timely filed his objections (D.E. 29) and then filed a Motion for Reconsideration (D.E. 30), which the Court construes as further objections to the M&R.[2] Plaintiff's objections are addressed below.

---

[1] Plaintiff is currently incarcerated at the TDCJ Michael Unit in Tennessee Colony, Texas.

[2] Plaintiff also requested the appointment of counsel pursuant to *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982). Because all of Plaintiff's claims are being dismissed, the Court **DENIES** the motion for counsel as moot.

First, Plaintiff apologizes to the Court for his lack of knowledge regarding the law and asks the Court to look at his pleadings. D.E. 30, p. 1. The Court construes this as a general objection to the Magistrate Judge's analysis and a plea for his pro se filings to be construed liberally based on *Haines v. Kerner,* 404 U.S. 519 (1972). The Magistrate Judge liberally construed Plaintiff's pleadings throughout his analysis, as will this Court. See D.E. 28, pp. 10-11. This objection is therefore **OVERRULED**.

Second, Plaintiff generally objects to the Magistrate Judge's recommendation, stating that he is asking the Court for protection and objecting under the Fifth, Sixth, Eighth, and Fourteenth Amendments. D.E. 29, p. 1. He repeats allegations of a "conspiracy to commit murder," and states that the warden put his life in danger by releasing him to the general population and labeling him a "snitch." *Id*. at 2-3. He claims that his life is in danger because he was labeled a snitch and that he suffered emotional injury, but he fails to allege sufficient threats or physical harm that would qualify as more than a de minimis injury. *See Gonzalez v. Trevino*, No. 5:20-CV-52, 2021 WL 7184963, at *4 (S.D. Tex. Nov. 12, 2021), *report and recommendation adopted in part sub nom. Gonzalez v. Webb Cnty.*, No. 5:20-CV-52, 2022 WL 190709 (S.D. Tex. Jan. 21, 2022). He also claims that Defendants violated TDCJ's rules of ethical conduct by releasing his confidential information, but he does not state what information was released or with whom it was shared. D.E. 30, p. 5.

As the M&R stated, these are conclusory allegations without supporting facts so Plaintiff has failed to provide factual allegations that raise his claim above the level of mere speculation. D.E. 28, pp. 8-11*; see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Plaintiff was admonished several times and directed to include specific, sufficient facts to

support his allegations, but he has failed to do so. *See* D.E. 28 at 8-11. Plaintiff's objection is therefore **OVERRULED**.

Third, Plaintiff alleges that he was wrongfully sent to the McConnell Unit, a unit without a Gang Renouncement and Disassociation (GRAD) program, on purpose. D.E. 30, p. 3. He states that he is only allowed in GRAD units and his transfer was in retaliation because he "snitch[ed] on the officers bring[ing] in cell phones and drugs." *Id*. at 4. He claims his life is in danger and seeks protection. *See* D.E. 29, pp. 1, 4. The Magistrate Judge stated that to the extent Plaintiff was raising a claim for injunctive relief to protect him against a future assault, the claim was moot against the McConnell Unit Defendants sued here because Plaintiff had been transferred from the McConnell Unit to the Michael Unit in Tennessee Colony, Texas. D.E. 26, p. 4; D.E. 28, p. 9. The Court agrees that this claim is moot. And Plaintiff's assertion that his temporary assignment was for retaliatory purposes is conclusory. Plaintiff's third objection is therefore **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

(1) Plaintiff's claims against Assistant Warden Juan J. Nunez, Sergeant J.D. Mireles, Major Rosalinda Trevino, and R. Samaniego are **DISMISSED with**

**prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1);

(2) Plaintiff's claims against the University of Texas Medical Branch (UTMB) are **DISMISSED without prejudice**;[3] and

(3) Plaintiff's motion for reconsideration (D.E. 30) has been construed as objections to the M&R and is therefore **TERMINATED**.

(4) It is **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

This action is **DISMISSED** in its entirety.

    **ORDERED** on June 9, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[3] This claim is pending in a different court. D.E. 28, p. 10.